*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NOS. 2013-341 & 2013-342

JANUARY TERM, 2014

| | |
|---|---|
| Bethany Drum | } APPEALED FROM: |
| | } |
| | } Superior Court, Orange Unit, |
| v. | } Family Division |
| | } |
| | } |
| Ricky Henry Dodge | } DOCKET NO. 97-8-13 Oefa |
| Bethany Drum | } |
| | } |
| v. | } |
| | } |
| Leon Timothy Colbeth | } DOCKET NO. 96-8-13 Oefa |

Trial Judge: Robert P. Gerety, Jr.

In the above-entitled causes, the Clerk will enter:

This appeal involves two orders entered by the family division for prevention of abuse, neglect or exploitation of a vulnerable adult. The petitions were filed on behalf of plaintiff and supported by her guardian. The court found that both defendants had exploited plaintiff and granted the petitions ordering defendants to have no contact with plaintiff. Plaintiff appeals the orders pro se. We affirm both orders.

Plaintiff is a vulnerable adult, and her mother was appointed her guardian in 2002. In August 2013, Adult Protective Services, a division of the Department of Disabilities, Aging and Independent Living, requested abuse-prevention orders on plaintiff's behalf against defendants. See 33 V.S.A. § 6933 (authorizing petition for relief to be filed by "an interested person"); id. § 6931 (including in definition of interested person "the Commissioner of the Department of Disabilities, Aging, and Independent Living, or the Commissioner's designee"). The supporting affidavits alleged that defendants were roommates and registered sex offenders and were emotionally abusing plaintiff and exploiting her to obtain her social security benefits. Plaintiff's guardian supported the petition.

Prior to the proceeding, plaintiff's guardian moved to waive plaintiff's presence at the hearing. The court denied the motion, stating that the court was required to make a finding of whether plaintiff was capable of expressing her wishes concerning the petition.[*] The court also

---

[*] When a petition is made on behalf of a vulnerable adult, the court must provide notice to the vulnerable adult and determine if the adult is capable of expressing her wishes. If the

appointed a guardian ad litem for plaintiff. See 33 V.S.A. § 6938(b) (authorizing appointment of guardian ad litem where petition is filed by an interested person). A final hearing was held on the petitions on September 3, 2013. Following the hearing, the court found that both defendants had exploited plaintiff and granted final abuse-prevention orders.

Plaintiff appeals pro se. On appeal, plaintiff states that defendants are not exploiting her and requests that the orders be lifted. She states that she has not given money to defendant Dodge and that she is in a romantic relationship with defendant Colbeth and has voluntarily given him financial support when she is able. Plaintiff has not ordered a transcript of the relief-from-abuse hearing.

Plaintiff has presented no grounds to reverse the court's decision granting the orders of protection. Although plaintiff claims that she is not being exploited by defendants, the court found otherwise, and we cannot make factual findings on appeal based on the representations of appellant. Without a transcript, this Court must assume that the court's findings are supported by sufficient evidence. See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."); In re S.B.L., 150 Vt. 294, 307 (1988) (explaining that appellant bears consequences of failing to order transcript and without transcript Supreme Court assumes that evidence supports trial court's findings). Therefore, there are no grounds to dissolve the orders.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

---

court determines the vulnerable adult is capable and does not wish to pursue to the petition, the court must dismiss the petition. 33 V.S.A. § 6934.